IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| XINUOS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Civil No. 2021-31 |
| INTERNATIONAL BUSINESS MACHINES CORP. and RED HAT, INC., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Xinuos filed this copyright infringement and antitrust case on March 31, 2021. [ECF 1]. After they were served with the complaint, on June 7, 2021, International Business Machines Corp. ("IBM") and Red Hat, Inc. moved to have the matter transferred to the Southern District of New York. [ECF 41]. IBM and Red Hat also moved to dismiss six of the seven counts alleged, leaving unchallenged at this stage only a copyright infringement claim against IBM. [ECF 43]. Notwithstanding those pending motions, Xinuos moved in October 2021 for the Court to set a Rule 16 conference so that discovery could commence. [ECF 58]; *see* [ECF 58-1]. Defendants opposed that motion. [ECF 59]. In addition, IBM and Red Hat moved to stay discovery until the venue issue is decided. [ECF 60]. Xinuos opposed the stay motion and defendants replied. [ECFs 65, 66]. The Court permitted the parties to file supplemental briefs on the motion to stay, [ECFs 72, 73], and it, along with the motion to set a Rule 16 conference, are ripe for decision.

**I.  LEGAL STANDARDS**

The Court of Appeals for the Third Circuit has acknowledged that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). Federal Rule of Civil Procedure 26(c) gives a court the discretionary authority to "issue an order to protect a party or person from

*Xinuos, Inc. v. International Business Machines Corp., et al.*
Civil No. 2021-31
Page 2

annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause." Fed. R. Civ. P. 26(c). Such authority includes the ability to order a stay of discovery. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

A stay, however, is an "extraordinary remedy." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013) (citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)). Therefore, the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. *See also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

In deciding whether to stay discovery, a court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Actelion Pharm., Ltd. v. Apotex, Inc.*, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (quotation marks omitted). However, in *Mann v. Brenner*, the Third Circuit recognized that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." 375 F. App'x 232, 239 (3d Cir. 2010); *see also Actelion Pharm., Ltd.*, 2013 WL 5524078, at *5 (the

Xinuos, Inc. v. International Business Machines Corp., et al.
Civil No. 2021-31
Page 3

filing of a dispositive motion may support a stay of discovery "where the resolution of the dispositive motion may narrow or outright eliminate the need for discovery") (quotation marks omitted).

In considering a motion to stay, courts evaluate the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Vitalis v. Crowley Caribbean Servs.*, 2021 WL 4494192, at *1 (D.V.I. Sept. 30, 2021)); *Actelion Pharm., Ltd.,* 2013 WL 5524078, at *3.

In a case involving a motion to transfer, the Third Circuit determined it was "not proper to postpone consideration of the application for transfer under §1404(a) until discovery on the merits is completed," as the district judge in that case had done. *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970). In making that determination, the *Polin* court observed:

> Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts.

*Id*. The court thus held that "the motion to transfer under §1404(a) should be considered and decided . . ., and then only if the court should deny the motion to transfer should discovery go forward." *Id*. at 31.

## II. DISCUSSION

A. <u>Whether *Polin* Controls</u>

According to IBM and Red Hat, *Polin* "practically compels the conclusion that discovery

Xinuos, Inc. v. International Business Machines Corp., et al.
Civil No. 2021-31
Page 4

in this case should be stayed until this Court decides Defendants' Motion for Transfer." [ECF 61] at 3. Xinuos, on the other hand, argues that courts have distinguished *Polin*, and have "recognized that it is appropriate to allow limited discovery even during the pendency of a motion to transfer."[1] [ECF 65] at 3. In addition, Xinuos posits that the four-factor balancing test is still relevant and should be applied. *Id*. at 3-4.

The Court is not persuaded by Xinuos' argument. Therefore, the Court will follow the Third Circuit's reasoning in *Polin* and stay discovery while the motion to transfer is being resolved. Further, the Court finds that even under the four-factor test in *Vitalis* and *Actelion*, the issuance of a stay is appropriate here.

B. Applying the Four-Factor Test

1. Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Non-Moving Party

IBM and Red Hat contend that Xinuos will suffer no undue prejudice if a stay is granted pending a decision on their motion to transfer. [ECF 61] at 4-5. While not pointing to any particular prejudice, Xinuos argues that it is only seeking limited discovery on a claim that defendants have not challenged. [ECF 65] at 5.

The Court finds that plaintiff has not identified—other than general concerns about delay—any undue prejudice to it that would attend a limited stay pending a decision on IBM and Red Hat's motion. The issues plaintiff identifies are no different in kind or quantity than the risks present in all litigation that is not otherwise expedited. Plaintiff does not contend that evidence

---

[1] In support of this notion, Xinuos cites *Slate Rock Construction Company, Ltd. v. Admiral Insurance Company*, 2011 WL 1641470, at *3 (S.D. Ohio May 2, 2011) and *Saleh v. Titan Corporation*, 361 F. Supp. 2d 1152, 1169-70 (S.D. Cal. 2005), both cases from outside of the Third Circuit. *See* [ECF 65] at 3. They are therefore not controlling authorities.

Xinuos, Inc. v. International Business Machines Corp., et al.
Civil No. 2021-31
Page 5

or witnesses with be lost or the like. Thus, the information relevant to Xinuos' claims should be readily available if, and when, discovery proceeds in this case. This factor weighs in favor of granting a stay of discovery.

  2. <u>Whether Denial of the Stay Would Create a Clear Case of Hardship or Inequity for the Moving Party</u>

As to the hardship that they might endure should a stay be denied, IBM and Red Hat first argue that discovery related to Xinuous' antitrust claims necessarily carries higher costs and burdens. [ECF 61] at 5. More significantly, however, defendants contend that it is unduly prejudicial for them to have to respond to discovery in this forum "where not one witness or relevant third party is located and amendable to this Court's subpoena power." *Id*.

In response, Xinuos again argues that it seeks only limited discovery on the copyright claim, which is not currently the subject of any dispositive motion. [ECF 65] at 2. Xinuos therefore concludes that discovery will need to be had on this claim no matter where the case finally is litigated, and that it should now be able to seek information on defendants' source code. *Id.* at 2, 5-6.

IBM and Red Hat reply that Xinuos did not previously mention any limitation on the discovery sought, and that Xinuos' current request for "source code" is not actually limited in nature at all. [ECF 66] at 4-5. Defendants further complain they do not even know what source code plaintiff seeks, and in their supplemental filing, IBM and Red Hat explain in detail the complex nature of source codes and source code discovery, giving examples of how the process varies depending on the jurisdiction. *Id.* at 4 n.3; *see generally* [ECF 72]. Lastly, defendants argue that protective orders and confidentiality obligations implicate third-party interests, the sorting of which ought to await a decision on the motion to transfer. [ECF 72] at 10-11.

*Xinuos, Inc. v. International Business Machines Corp., et al.*
Civil No. 2021-31
Page 6

Xinuos responds that discovery in copyright claims is liberal, and that it is entitled to discovery of the source code to prove its copyright claims. [ECF 73] at 3-4. It further asserts that the complex discovery process defendants describe is for patent cases, and simply does not apply in copyright actions. *Id.* at 6-7. Finally, Xinuos argues that confidentiality concerns can easily be addressed. *Id.* at 10.

The Court finds that IBM and Red Hat have demonstrated sufficient prejudice to them if required to proceed with discovery while the motion to transfer is pending. Moreover, the Court notes that in addressing the source code arguments, plaintiff steadfastly avoided being any more specific about what the source code discovery would entail, or what source code is actually sought. This omission underscores that defendants' descriptions of the burdens and complexities may well be accurate. The second factor weighs in favor of the granting of a stay of discovery.

3. <u>Whether a Stay Would Simplify the Issues and the Trial of the Case</u>

The defendants argue that a stay may result in simplification because if the motion to transfer is granted, the case in this Court will terminate. [ECF 61] at 6. IBM and Red Hat urge that allowing discovery to move forward "would require this Court to wade into discovery issues that may soon be another court's concern, and needlessly multiply the judicial resources expended." [ECF 66] at 5. Xinuos counters that "the discovery sought is relevant in whatever court this case is heard." [ECF 65] at 6.

The defendants do not argue that the source code discovery is not relevant, and the Court finds that it is. That said, the Court nevertheless concludes that a complete transfer of this case to another jurisdiction would certainly simplify the issues from this Court's perspective. As a result, this factor weighs in favor of granting a stay.

*Xinuos, Inc. v. International Business Machines Corp., et al.*
Civil No. 2021-31
Page 7

4.   Whether Discovery is Complete and/or a Trial Date Has Been Set

Finally, the Court considers the stage of this case at the time the stay was sought. Here it is not disputed that discovery has yet to begin. This factor weighs in favor of a stay.

### III.   CONCLUSION

The *Polin* case, even if not dispositive, certainly counsels in favor of staying discovery until the motion to transfer is resolved. Moreover, having found that the four-factor test supports granting a stay, the Court concludes that IBM and Red Hat have met their burden, and a stay of discovery is warranted.

Accordingly, the premises considered, it is ORDERED:

1. Xinuos' motion to set a Rule 16 conference [ECF 58] is DENIED.

2. IBM and Red Hat's motion to stay discovery pending resolution of the transfer motion [ECF 60] is GRANTED.

**Dated:** April 26, 2022                    S_____
                                              **RUTH MILLER**
                                              United States Magistrate Judge